# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DIAKONOS HOLDINGS, LLC, | |
|     Plaintiff, | Case No. 2:12-CV-00949-KJD-RJJ |
| v. | **ORDER** |
| COUNTRYWIDE HOME LOANS, INC., *et al.*, | |
|     Defendants. | |

    Before the Court is the Motion to Dismiss (#17) filed by Defendants Bank of America, Inc., Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc. (Collectively "Defendants"). Plaintiff Diakonos Holdings, LLC filed an opposition and Countermotion to Remand (#23, #24). Defendants responded (#25) and Plaintiff replied (#27). The Court directed Defendants to file a further reply (#37).

I.  Background

    Luis and Mirna Alfaro owned a property at 2704 Coventry Green Avenue, Henderson, Nevada 89074 (the "Property"). In 2007, the Alfaros took out a mortgage on the Property and secured it with a Deed of Trust. Defendant Bank of America subsequently obtained all beneficial interest in under the Deed of Trust.

The Alfaro's defaulted on their HOA dues and the HOA recorded a lien (the "Assesment Lien") on January 24, 2011.  The Alfaros did not pay off the Lien and the property was sold to Plaintiff at a foreclosure auction on March 9, 2012.  Defendants did not appear at the foreclosure sale.

On April 14, 2012, Defendants filed a Notice of Trustee's sale pursuant to the Deed of Trust. The Foreclosure Sale was scheduled for May 21, 2012.  Plaintiff filed this action in state court seeking an injunction precluding the May 21, foreclosure sale and quieting title in its favor.  Judge Adair entered a preliminary injunction prohibiting Defendants from conducting the sale.  Defendants then removed the action here.

II. Motion to Remand

Plaintiff asks this court to use its discretion to remand this case to state court.  Plaintiff acknowledges that no articulated abstention doctrine applies in this case.  However, Plaintiff urges that the Court remand this case based on "principles identified by the United States Supreme Court in Burford v. Sun Oil, 319 U.S. 315 (1043)."  Specifically, Plaintiff claims that federal adjudication would be disruptive to Nevada's efforts to establish a cohesive policy of interpretation and application of NRS116.3116.

The Court declines to exercise its discretion to remand this case.  District courts regularly predict how state courts would rule on issues of statutory interpretation.  As discussed below, NRS 116.3116 is clear and the Court sees no reason that the issues in this case cannot be properly adjudicated here.  Accordingly, the Countermotion to remand is denied.

III.  Motion to Dismiss

A.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

B.  NRS 116.3116

N.R.S. 116.3116(2)(b) relates to liens by homeowner's associations and reads as follows:

2. A lien under this section is prior to all other liens and encumbrances on a unit except:

(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent . . .

The statute also provides that:

3

> The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . .

Plaintiff argues that this statute operates so that foreclosure of a delinquent assessment lien by the HOA extinguishes the first security interest on the property.[1]  According to Plaintiff, because Defendants were provided with notice of the foreclosure sale and chose not to take any action, their lien was extinguished when the HOA completed its non-judicial foreclosure.  Plaintiff argues that foreclosure by the HOA must extinguish all other liens, including the first security interest, or else HOAs would be unable to initiate foreclosure and would not be able to recover any deficiencies until the holder of the first deed of trust foreclosed.  In support of this argument, Plaintiff cites Summerhill Village Homeowners Ass'n v. Roughly, 270 P.3d 639 (Wash.App. Div. 1, Feb. 21, 2012) (opinion corrected and superseded by Summerhill Village Homeowners Ass'n v. Roughly, 289 P.3d 645) (Wash.App. Div. 1, Feb. 21, 2012).  In Summerhill, the court held that a judicial foreclosure had the effect of extinguishing the interest held by the first deed of trust. However, Summerhill does not support Plaintiff's contentions.  The Washington statute at issue in that case specifically provides that when an association pursues nonjudicial foreclosure, it is not entitled to lien priority which would extinguish the first security interest.  Nevada's statutory scheme does not draw such a distinction, and even if it did, the foreclosure in this case was nonjudicial.

NRS 116.3116(2)(c) creates a limited super priority lien for 9 months of HOA assessments leading up to the foreclosure of the first mortgage, but it does not eliminate the first security interest.  Contrary to Plaintiff's assertion, the statutory scheme does not require an HOA to wait until the holder of the deed of trust forecloses.  Instead, as in this case, the HOA may initiate a nonjudicial foreclosure to recover delinquent assessments and the purchaser at the sale takes the property subject

---

[1] Plaintiff does not address the language of subsection 2(b) which specifically states that HOA liens do not extinguish a first security interest recorded prior to the time the assessment became delinquent.

to the security interest. There is no dispute that the Deed of Trust was recorded on August 30, 2007, and the Assessment Lien was recorded on January 24, 2011. Accordingly, the Deed is prior to the Assessment Lien and Plaintiff's claims for quiet title and declaratory relief fail as a matter of law.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion to Remand (#24) is **DENIED**.

DATED this 11th day of February 2013.

_____
Kent J. Dawson
United States District Judge